```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA

   NAJOLIA                                  CIVIL ACTION

   VERSUS                                   NO: 12-821

   NORTHROP GRUMMAN SHIP SYSTEMS,           SECTION: "J" (2)
   INC., ET AL.
```

### ORDER AND REASONS

Before the Court is Defendant Reilly-Benton Company, Inc. ("Reilly-Benton")'s **Motion for Summary Judgment (Rec. Doc. 348)**, Plaintiffs JoAnn Najolia and Jennifer Carpenter ("Plaintiff's) opposition (Rec. Doc. 370), and Defendant's Reply Memorandum (Rec. Doc. 376). Defendant's motion was set for hearing on March 12, 2014, on the briefs. Considering the motion and memoranda of counsel, the record, and the applicable law, the Court finds that Defendant's motion should be **GRANTED** for the reasons set forth more fully below.

### FACTS AND PROCEDURAL HISTORY

Frank Najolia, Jr. ("Najolia, Jr.") was diagnosed with mesothelioma in 2011 and died as a result of his diagnosis about

1

one year later in 2012.[1] Plaintiffs allege that Najolia, Jr.'s diagnosis and subsequent death resulted at least in part from secondary exposure to asbestos that his father, Frank Najolia, Sr. ("Najolia, Sr."), brought home on his clothing after working at the Avondale Shipyard between 1960-1963.[2] Plaintiffs contend that Najolia, Sr. was a pipefitter at Avondale from 1960 to 1963, and that in his capacity as a pipefitter, he worked on vessels doing air-conditioning work. In the course of that work, Plaintiffs allege that Najolia, Sr. was exposed to asbestos fibers when removing or repairing pipes on vessels, and then tracked such fibers home on his clothing where his then-teenage son, Najolia, Jr., was exposed to those fibers when he helped do Najolia, Sr.'s laundry. Between 1960-1963, Plaintiff alleges that Reilly-Benton supplied asbestos-containing products for use on vessels in the Avondale Shipyard, primarily in the form or pipe block and pipe covering.

## **PARTIES' ARGUMENTS**

In the instant motion, Defendant asserts that summary judgment should be granted in its favor because: (1) based on the

---

[1] Najolia, Jr. was initially a plaintiff in this matter; however, when he passed away his daughters were substituted as plaintiffs.

[2] Plaintiffs offer other direct exposure theories that are irrelevant to the instant motion.

testimony of Danny Joyce[3] and Al Bossier,[4] there is no proof that Najolia, Sr. ever worked on vessels as a pipefitter at Avondale, and (2) even if Najolia, Sr. did work on vessels as a pipefitter, Plaintiffs have produced no evidence that he was exposed to products supplied by Reilly-Benton. Plaintiffs contend that summary judgment should be denied based on the following facts:

- Frank Najolia, Sr. was a pipefitter at Avondale in 1960-63, the same time Reilly-Benton supplied Avondale Shipyard with asbestos-containing materials.

- As a pipefitter, Frank Najolia, Sr. worked on vessels doing air conditioning work.

- Pipefitters worked on vessels during the same time that Reilly-Benton supplied asbestos-containing materials to Avondale Shipyard.

- The materials (primarily pipe block and pipe covering) supplied by Reilly-Benton contained asbestos and were made

---

[3] Danny Joyce stated that once Najolia, Sr. started building hydraulic lifts ("rams") used to move the ships, he:

> worked only on ship movement systems. So that would have been from – as best as we can gather from his personnel records and from articles that we found in an Avondale publication called the Salutes that talks about the rams being used, we believe that would have been in the early '60s in that '62 time frame, '62/'63 time frame. From '57 to that time frame, we know that Najolia, Sr. was working on land-based operations.

(Rec. Doc. 370-6, p.7)

[4] In his deposition, all Bossier stated that "Mr. Najolia, Sr., to my knowledge, never went on a ship." (Rec. Doc. 348-2, p. 6, lns 11-12).

3

by Kaylo.

(Rec. Doc. 370, p.1)[5]

**LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. Little, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." Delta, 530 F.3d at 399.

---

[5] The parties make additional arguments concerning the nature of the exposure and Najolia, Sr.'s diagnosis, but the Court need not discuss these arguments based on the finding that Plaintiff has failed to prove that Najolia, Sr. was exposed to Reilly-Benton's products.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"  Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted).  The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." Id. at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See id. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. See, e.g., id. at 325; Little, 37 F.3d at 1075.

## DISCUSSION

The Court must grant the instant motion for summary judgment

because: (1) there is no admissible evidence placing Najolia, Sr. on the ships doing air conditioning work, and (2) there is no evidence that Najolia, Sr. ever came into contact with Reilly-Benton's products.

As the Court extensively discussed at the oral hearing on November 6, 2013 ("November Hearing"), there is no proof that Najolia, Sr. ever worked on vessels doing air conditioning work as a pipefitter at Avondale between 1960-1963. (Rec. Doc. 326, pps. 39-44) Plaintiffs once again assert that the testimony of Valey Landry,[6] who did not even meet Najolia, Sr. until 1967, is

---

[6] In his deposition, Landry stated the following in regards to Najolia, Sr.'s prior work assignments:

Q: And before Frank, Sr. went to the maintenance shop [...] what shop was he in?

A: I'm not positive, but I think he was in the pipe shop.

Q: Do you know what he did in the pipe shop? (objection by. Mr. Lee)

A: As far as I'm concerned, he did the air-condition work on the ships. (objection by Mr. Lee)

[...]

Q: Okay.  So you didn't work with or around him before 1967?

A. No.

Q: Okay. So it would be true you don't have any personal knowledge what he did before you started working with him?

A. No.

Q: Okay. Now–

A. I only know what he told me.

sufficient to place Najolia, Sr. on ships between 1960 and 1963 despite testimony from Al Bossier and Danny Joyce to the contrary. The Court finds again that Landry's testimony is classic hearsay and is thus inadmissible. Therefore, there is insufficient evidence to create a material issue of fact as to whether Najolia, Sr. worked on vessels between 1960-1963.[7]

Additionally, even if Najolia, Sr. could be placed on the vessels between 1960 and 1963, Plaintiffs have not submitted any evidence whatsoever that he was near Reilly-Benton's products, which is fatal to Plaintiffs' claims under Louisiana law. Thibodeaux v. Asbestos Corp. Ltd., 2007-0617 (La. App. 4 Cir. 2/20/08), 976 So. 2d 859, 867 (finding that "[e]vidence of the mere physical presence of asbestos-containing material is insufficient to find a manufacturer liable to a plaintiff," and therefore affirming the trial court's granting of the defendant's summary judgment where plaintiff only produced evidence showing that the decedent worked at the hospital and that some manufacturer's asbestos was present at the hospital.) (internal

---

[7] As proof that Najolia, Sr. was a pipefitter, Plaintiffs offer the testimony of Najolia, Jr. wherein he stated that his father knew Randy Duhon and the testimony of Al Bossier who stated that Duhon was a pipefitter at Avondale in 1957 when Bossier began working at Avondale. (Rec. Doc. 370-15, p. 23; Rec. Doc. 370-2, p. 7). The Court cannot accept that Najolia, Sr. was a pipefitter simply because he knew a pipefitter. Plaintiff also offers Najolia, Sr.'s employment records. (Rec. Doc. 370-1), however, the employment record does not appear to corroborate Plaintiff's arguments.

citation omitted). Here, the name Reilly-Benton does not even appear in Avondale's corporate deposition or Frank Najolia, Jr.'s deposition. Moreover, even taking Plaintiff's allegations as true, Plaintiffs do not even argue that Najolia, Sr. worked around Reilly-Benton products, but rather they only assert that Najolia, Sr. was a pipefitter and that Reilly-Benton allegedly supplied pipe block and pipe covering. From these facts, Plaintiffs ask the Court to make the leap that Najolia, Sr. was necessarily around these products. Based on Thibodeaux and other similar cases, the Court must reject this argument.

Accordingly,

Defendant Reilly-Benton's **Motion for Summary Judgment (Rec. Doc. 348)** is **GRANTED.**

**IT IS ORDERED** that Plaintiff's claims against Reilly-Benton Company, Inc. are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 17th day of March, 2014.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE